

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| JAMES ALBERT LITTLEHALE,<br>Plaintiff, | § § § | |
| vs. | § § | CIVIL ACTION NO. 1:15-01460-MGL |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | § § § | |

## ORDER ADOPTING THE REPORT AND RECOMMENDATION
## AND REVERSING AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting to the Court that this matter be reversed and remanded for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or

recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on February 19, 2016, and Defendant filed her objections on March 7, 2016. The Court has carefully reviewed Defendant's objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff filed his application for DIB and SSI on March 22, 2012, asserting that his disability commenced on January 1, 2009. His application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on June 26, 2014. Then, on August 22, 2014, the ALJ issued a decision finding that Plaintiff was not disabled under the Act. Subsequently, the Appeals Council denied Plaintiff's request for review of the ALJ's decision; accordingly, the ALJ's decision became Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff filed suit in this Court, seeking judicial review of Defendant's final decision denying his claim.

The Social Security Administration has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to

perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

It is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Under the substantial evidence standard, however, we must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d, 1249, 1250 (8th Cir. 1987). "Additionally, the substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted).

Defendant raises three specific objections to the Magistrate Judge's Report. The Court will address each one in turn.

First, Defendant argues that the Magistrate Judge erred in finding that the ALJ neglected to sufficiently consider the opinion of Dr. David J. Yatsonsky, M.D., in determining that Plaintiff was limited to light work. Objections 2. According to Defendant, the ALJ fully considered the evidence, including Dr. Yatsonsky's evaluation, in determining that Plaintiff was not disabled. *Id.* at 2-4. The Court is unpersuaded.

The ALJ "must consider all the evidence and explain on the record the reasons for his findings, including the reason for rejecting relevant evidence in support of the claim." *King v. Califano*, 615 F.2d 1018, 1020 (4th Cir. 1980). "Even if legitimate reasons exist for rejecting or

3

discounting certain evidence, [the ALJ] cannot do so for no reason or for the wrong reason." *Id.* Further, the Court "cannot determine if findings are unsupported by substantial evidence unless [the ALJ] explicitly indicates the weight given to all of the relevant evidence." *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984). "Unless [the ALJ] has analyzed all the evidence and has sufficiently explained the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Sec'y of Health, Educ. & Welfare*, 567 F.2d 258, 259 (4th Cir. 1977) (citation omitted) (internal quotation marks omitted).

Nevertheless, Defendant is correct that an ALJ "is not required to comment in the decision on every piece of evidence in the record, and the ALJ's failure to discuss a specific piece of evidence is not an indication that the evidence was not considered." Objections 3 (citation omitted) (internal quotation marks omitted). The duty of explanation is satisfied "[i]f a reviewing court can discern what the ALJ did and why he did it." *Piney Mountain Coal Co. v. Mays*, 176 F.3d 753, 762 n.10 (4th Cir. 1999) (internal quotation marks omitted).

Having reviewed the record under the standard set forth above, the Court is unable to say that it can discern what the ALJ did and why he did it. As the Magistrate Judge notes, the ALJ failed to address Dr. Yatsonsky's opinion and neglected to reconcile the opinions of the state agency consultants with Dr. Yatsonsky's findings. Thus, the Court will overrule Defendant's first objection.

Second, Defendant contends that the Magistrate Judge erred in suggesting that the ALJ neglected to consider Plaintiff's subjective complaints and medication side effects when assessing Plaintiff's credibility. Objections 4-6. The Court disagrees.

In making a credibility determination, the ALJ must take into account, among other things, "any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Craig v. Chater*, 76 F.3d 585, 595 (4th Cir. 1996) (citations omitted).  After having established the existence of a condition reasonably likely to cause the alleged symptoms, a claimant may "rely exclusively on subjective evidence to prove" the intensity, persistence, and functionally-limiting effects of his symptoms.  *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).  Moreover, although the Court must defer to the ALJ's findings of fact, the Court is not required to "credit even those findings contradicted by undisputed evidence." *Id.* at 566.

Here, the ALJ's decision reflects no meaningful consideration of Plaintiff's subjective complaints and medication side effects, and, thus, the ALJ's assessment of Plaintiff's credibility is deficient and unsupported by substantial evidence.  Consequently, the Court will overrule Defendant's second objection.

Third, Defendant propounds that the Magistrate Judge erred in concluding that the ALJ failed to consider the effect of Plaintiff's combined impairments when addressing any sitting, standing, and walking limitations in his RFC analysis.  Objections 6-7.  The Court is unconvinced.

It has long been established "that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render [the plaintiff] unable to engage in substantial gainful activity."  *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989).  The ALJ "must consider the combined effect of [the plaintiff's] impairments and not fragmentize them."  *Id.*  "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Id.*

In this case, the ALJ indicated he had considered Plaintiff's "subjective complaints along with the combination of [Plaintiff's] obesity, poorly controlled diabetes mellitus, and his arthritis and found that [Plaintiff] is limited to no more than light work with the above stated specific limitations." ECF No. 21-2 at 27. However, although the ALJ stated that he considered the combined effect of Plaintiff's impairments, the RFC determination fails to reflect such consideration, and the ALJ's decision neglects to reconcile the RFC evaluation with the evidence of Plaintiff's combined impairments when addressing Plaintiff's sitting, standing, and walking limitations. Thus, the ALJ failed to comply with *Walker*'s requirements, and Plaintiff is entitled to have his claims remanded for proper consideration. The Court will therefore overrule Defendant's third objection as well.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court that this matter is **REVERSED AND REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**.

Signed this 10th day of March, 2016, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.